**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WALLDESIGN, INC., | No. 18-56673 |
| Debtor, | D.C. No. 8:18-cv-00379-VAP |
| ———————————— | |
| DAVID ABREU; DAVID ABREU VINEYARD MANAGEMENT, INC., | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| BRIAN WEISS, as Trustee of the Walldesign Liquidation Trust, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted April 3, 2020[**]
Pasadena, California

Before: PAEZ and CALLAHAN, Circuit Judges, and LYNN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States Chief District

Appellants, David Abreu and David Abreu Vineyard Management, Inc. (collectively, "Abreu Vineyard Management"), appeal the bankruptcy court's summary judgment in favor of Appellee, Brian Weiss ("Weiss"), trustee in the Chapter 11 bankruptcy estate of Walldesign, Inc. ("Walldesign"). Prior to its bankruptcy, Walldesign's sole shareholder, sole director, and president, Michael Bello ("Bello"), covertly deposited Walldesign funds into a secret bank account he had opened in Walldesign's name. Bello spent those funds on his personal expenses, which included payments for services provided by Abreu Vineyard Management in connection with Bello's personal vineyard. Weiss filed an adversary proceeding to avoid the payments to Abreu Vineyard Management as fraudulent transfers under the California Uniform Fraudulent Transfers Act (CUFTA) and the federal Bankruptcy Code. We have jurisdiction under 28 U.S.C. § 158 and affirm the grant of summary judgment for Weiss.

1. Appellants argue that the bankruptcy court clearly erred in finding that the transfers to Abreu Vineyard Management were fraudulent because Weiss failed to provide proof of actual fraudulent intent pursuant to Cal. Civ. Code § 3439.04(a)(1). We disagree. The lower court's finding is supported by several "badges" or "indicia" of fraud under Cal. Civ. Code § 3439.04(b), which include: (1) Bello, via Walldesign, actively concealed the Preferred Account and its

Judge for the Northern District of Texas, sitting by designation.

transactions; (2) Walldesign was insolvent during the period in which Bello continued to perform transfers from the Preferred Account; and (3) Walldesign did not receive consideration of reasonably equivalent value from the Preferred Transfers. Viewing the evidence in the light most favorable to Abreu, there is no genuine dispute as to whether Bello, as an agent and principal of Walldesign, possessed "actual intent to hinder, delay, or defraud any creditor of [Walldesign]" when Bello transferred payments from Walldesign's bank account to Abreu and Vineyard Management. Cal. Civ. Code § 3439.04(a)(1). Thus, the bankruptcy court did not err in granting summary judgment on Weiss' claims of actual fraudulent transfers.

2. The bankruptcy court did not commit clear error in finding that Abreu Vineyard Management was an initial transferee under CUFTA or § 550(b) of the federal Bankruptcy Code. Our circuit has explicitly adopted the "dominion test" in addressing this issue, wherein an initial transferee is one who "has 'dominion over the money or other asset, the right to put the money to one's own purposes.'" *In re Cohen*, 300 F.3d 1097, 1102 (9th Cir. 2002) (quoting *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 893 (7th Cir. 1988)). In *Henry v. Official Committee of Unsecured Creditors of Walldesign, Inc. (In re Walldesign)*, 872 F.3d 954 (9th Cir. 2017), a similar case involving an adversary proceeding also stemming from Walldesign's bankruptcy, we applied the dominion test to reject an

3

"initial transferee" argument virtually identical to that raised by appellants. There, we stated that "a corporate principal (whether a shareholder, director, officer, or other insider) who effects a transfer of company funds in his or her representative capacity does not have dominion over those funds in his or her personal capacity" and thus "does not qualify as an initial transferee." *Id.* Appellants fail to distinguish their case from *Henry* or otherwise persuade us that the legal analysis in *Henry* should not control.

3. The bankruptcy court did not improperly apply the statutory defenses under 11 U.S.C. § 550(b)(2) and Cal. Civ. Code § 3439.08. Given that Abreu Vineyard Management is an initial transferee under *Henry*, the good faith defenses under § 550(b) and Cal. Civ. Code § 3439.08(b) are not available as a matter of law. The affirmative defense under Cal. Civ. Code § 3439.08(a) is likewise unavailable because Walldesign, as the debtor, did not receive "reasonably equivalent value" for the payments made to Abreu Vineyard Management. *See In re AFI Holding, Inc.*, 525 F.3d 700, 707 (9th Cir. 2008) ("[T]he affirmative defense to actual fraudulent transfers under § 3439.08 require[s] the determination of whether 'reasonably equivalent value' was transferred from the transferee to the debtor.").

4. We also reject appellants' argument that the bankruptcy court abused its discretion in its evidentiary rulings. The declarations by Jack Reitman and Brian

4

Weiss were properly considered at summary judgment because both declarations comply with Fed. R. Civ. 56(c)(4) and the district court did not abuse its discretion in ruling that they would be admissible under Fed. R. Evid. 1006. The bankruptcy court's factual findings regarding the existence of creditors and the official date of insolvency are also supported by the record. To any extent they may be in dispute, appellants fail to demonstrate that either fact is material to defeating Weiss' claims.

5. Finally, the bankruptcy court did not abuse its discretion in awarding prejudgment interest. Under California law, a court may award prejudgment interest under Cal. Civ. Code § 3287(a) only if one of two conditions is met: (1) "the defendant actually know[s] the amount owed" or (2) "from reasonably available information could the defendant have computed that amount." *Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 197 Cal. Rptr. 348, 351 (Cal. Ct. App. 1983). Here, the "amount of fraudulent transfer liability was easily calculable by examining the checks" from Walldesign's account to Abreu. *In re Acequia, Inc.*, 34 F.3d 800, 818 (9th Cir. 1994). Abreu's equities argument is insufficiently persuasive to render the bankruptcy court's award an abuse of discretion.

**AFFIRMED**.